RECEIVED APR - 9 2019 Transit Windsor

19-004566-NI FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 3/29/2019 3:42 PM Tashia Marshall

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

DONNA VINSON,

    Plaintiff,

-vs-

AUDREY SELBURN, JAMES WILSON,
and TRANSIT WINDSOR TUNNEL BUS,

    Defendant.

Case No. 19 -      -NI
Honorable

FRIED SAPERSTEIN ABBATT P.C.
By: Melvyn D. Saperstein (P19895)
    Drew F. Saperstein (P55581)
Attorneys for Plaintiff
31700 Telegraph Road, Ste. 120
Bingham Farms, MI 48025
(248) 353-6500

## COMPLAINT

There is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in the complaint.

By /s/ Drew Saperstein
    Drew F. Saperstein

NOW COMES the Plaintiff, DONNA VINSON, by and through her attorneys, FRIED SAPERSTEIN ABBATT P.C., and for her complaint against Defendants, AUDREY SELBURN, JAMES WILSON, and TRANSIT WINDSOR TUNNEL BUS, states as follows:

1. At all times relevant hereto Plaintiff, DONNA VINSON, was a resident of the City of Windsor, Province of Ontario, Canada.

2. At all times relevant hereto Defendant, AUDREY SELBURN, was a resident of the City of St. Clair Shores, County of Macomb, State of Michigan.

3. At all times relevant hereto Defendant, JAMES WILSON, was a resident of City of LaSalle, Province of Ontario, Canada.

4. Defendant, TRANSIT WINDSOR TUNNEL BUS, is upon information and belief, a Canadian corporation licensed to do business in the State of Michigan and conduct business in the County of Wayne, State of Michigan.

5. The acts and/or omissions of Defendants herein gives rise to this cause of action which occurred in whole or in part within the County of Wayne, State of Michigan.

6. On January 9, 2017, Defendant, AUDREY SELBURN, was driving a 2011 Ford Escape in the City of Detroit, County of Wayne, State of Michigan.

7. Defendant, AUDREY SELBURN, was traveling west on Jefferson near Shelby.

8. Defendant, JAMES WILSON, was operating a bus owned by Defendant, TRANSIT WINDSOR TUNNEL BUS. Defendant, JAMES WILSON, had allowed passengers to unload from the bus and was pulling away from the curb.

9. On January 9, 2017, Plaintiff, DONNA VINSON, was a passenger on Defendant, TRANSIT WINDSOR TUNNEL BUS.

10. Defendant, AUDREY SELBURN, was also traveling on West Jefferson Avenue. Defendant, AUDREY SELBURN, changed lanes and collided with the bus in which Plaintiff, DONNA VINSON, was a passenger.

11. Upon the impact between Defendant SELBURN's vehicle with Defendant TRANSIT WINDSOR TUNNEL BUS, Plaintiff, DONNA VINSON, fell to the floor striking her left knee.

12. The amount in controversy in this litigation exceeds the sum of Twenty-Five Thousand Dollars ($25,000.00) exclusive of interest, costs and attorney fees and is within the jurisdiction of this Court.

## COUNT I - NEGLIGENCE - DEFENDANT, AUDREY SELBURN

13. Plaintiff restates and realleges paragraphs 1 through 12 as if fully set forth herein.

14. Defendant, AUDREY SELBURN, was operating her Ford Escape traveling on West Jefferson just east of Shelby when she changed lanes and collided with the Windsor Tunnel Bus which was pulling away from the curb on West Jefferson after unloading passengers.

15. As a result of the impact caused by Defendant, AUDREY SELBURN, Plaintiff, DONNA VINSON, fell to the floor of the bus striking her left knee.

16. Defendant, AUDREY SELBURN, owed certain duties to the Plaintiff, DONNA VINSON, and other members of the public. These duties were breached by Defendant, AUDREY SELBURN, in the following manner:

    A. Failure to signal and/or observe another vehicle in violation of MCL 257.652.

    B. Improper lane use in violation of MCL 257.642(1).

C. Driving upon the highway at a speed greater than would permit an individual to bring a vehicle to a stop within the assured clear distance ahead, in violation of MCL 257.628.

D. Driving upon the roadway carelessly, recklessly and heedlessly in willful disregard for the rights of others and without due caution and circumspection at a speed and in a manner so as to endanger or likely to endanger another person, in violation of MCL 257.627.

E. Failing to keep a proper lookout for traffic conditions then and there existing, or in keeping said lookout, in failing to heed such conditions so as to avoid colliding with the Plaintiff's vehicle.

F. Failing to equip said motor vehicle with brakes adequate to control the movement of and to stop and hold said vehicle in violation of MCL 257.705.

G. Following another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic, and the condition of the highway in violation of MCL 257.643.

H. Driving or knowingly permitted to be driven, on a highway, a motor vehicle in such an unsafe condition so as to endanger others, in violation of MCL 257.627

I. Operating a motor vehicle in excess of speed limits in violation of MCL 257.627.

J. Failing to operate a motor vehicle with due caution for conditions then and there existing.

4

K. Failure to maintain control of her motor vehicle.

L. Any and all other acts and/or omissions which constitute negligence and/or gross negligence which may be learned during the course of litigation.

17. As a direct and proximate result of Defendants' negligence, Plaintiff, DONNA VINSON, has suffered injuries which include, but are not limited to, the following:

   a. Left knee complex tear of medial meniscus with a horizontal component involving the body and posterior horn and radical component in the posterior horn;

   b. Potential left knee replacement surgery;

   c. L4-L5 disc bulge;

   d. L5-S1 disc protrusion;

   e. Any other damages that become known through the course of discovery.

WHEREFORE, Plaintiff, DONNA VINSON, prays for a judgment against Defendant, AUDREY SELBURN, JAMES WILSON and TRANSIT WINDSOR TUNNEL BUS for a sum in excess of Twenty-Five Thousand ($25,000.00) Dollars, together with costs, interest and attorney fees.

## COUNT II - NEGLIGENCE - DEFENDANT, JAMES WILSON

18. Plaintiff restates and realleges paragraphs 1 through 17 as if fully set forth herein.

19. Defendant, JAMES WILSON, was operating Defendant, TRANSIT WINDSOR TUNNEL BUS on West Jefferson just east of Shelby pulling away from the curb on West Jefferson after unloading passengers.

20. Defendant, JAMES WILSON, failed to signal and/or observe the vehicle of Defendant, AUDREY SELBURN.

21. As a result of the impact caused by Defendant, JAMES WILSON, Plaintiff, DONNA VINSON, fell to the floor of the bus striking her left knee.

22. Defendant, JAMES WILSON, owed certain duties to the Plaintiff, DONNA VINSON, and other members of the public. These duties were breached by Defendant, JAMES WILSON, in the following manner:

   A. Leaving the curb and failing to signal and/or observe other vehicles in violation of MCL 257.648.

   B. Failing to keep a proper lookout for traffic conditions then and there existing, or in keeping said lookout, in failing to heed such conditions so as to avoid colliding with the Plaintiff's vehicle.

   C. Driving upon the highway at a speed greater than would permit an individual to bring a vehicle to a stop within the assured clear distance ahead, in violation of MCL 257.628.

   D. Driving upon the roadway carelessly, recklessly and heedlessly in willful disregard for the rights of others and without due caution and circumspection at a speed and in a manner so as to endanger or likely to endanger another person, in violation of MCL 257.627.

E. Failing to equip said motor vehicle with brakes adequate to control the movement of and to stop and hold said vehicle in violation of MCL 257.705.

F. Following another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic, and the condition of the highway in violation of MCL 257.643.

G. Driving or knowingly permitted to be driven, on a highway, a motor vehicle in such an unsafe condition so as to endanger others, in violation of MCL 257.627

H. Operating a motor vehicle in excess of speed limits in violation of MCL 257.627.

I. Failing to operate a motor vehicle with due caution for conditions then and there existing.

J. Failure to maintain control of her motor vehicle.

K. Any and all other acts and/or omissions which constitute negligence and/or gross negligence which may be learned during the course of litigation.

23. As a direct and proximate result of Defendant WILSON's negligence, Plaintiff, DONNA VINSON, has suffered injuries which include, but are not limited to, the following:

a. Left knee complex tear of medial meniscus with a horizontal component involving the body and posterior horn and radical component in the posterior horn;

7

b. Potential left knee replacement surgery;

c. L4-L5 disc bulge;

d. L5-S1 disc protrusion;

e. Any other damages that become known through the course of discovery.

WHEREFORE, Plaintiff, DONNA VINSON, prays for a judgment against Defendant, AUDREY SELBURN, JAMES WILSON and TRANSIT WINDSOR TUNNEL BUS, for a sum in excess of Twenty-Five Thousand ($25,000.00) Dollars, together with costs, interest and attorney fees.

## COUNT IV - NEGLIGENCE OF DEFENDANT, TRANSIT WINDSOR TUNNEL BUS

24. Plaintiff hereby restates and realleges paragraphs 1 through 23 as if fully set forth herein.

25. The Tunnel Bus being operated by Defendant, JAMES WILSON, on January 9, 2017, was owned and/or maintained by Defendant, TRANSIT WINDSOR TUNNEL BUS.

26. Defendant WILSON was in the course and scope of his employment with Defendant, TRANSIT WINDSOR TUNNEL BUS at the time of the collision on January 9, 2017.

27. Defendant WILSON was operating the bus owned by TRANSIT WINDSOR TUNNEL BUS with their knowledge and consent at the time of the collision.

28. Defendant, TRANSIT WINDSOR TUNNEL BUS, is responsible for the negligent acts of JAMES WILSON pursuant to MCR 257.401 and/or respondeat superior.

29. In the alternative, Defendant, TRANSIT WINDSOR TUNNEL BUS, is liable for the negligent acts of its agent/employee, JAMES WILSON, committed on January 9,

8

2017. The agent of TRANSIT WINDSOR TUNNEL BUS, Defendant WILSON breached duties as follows:

    A. Leaving the curb and failing to signal and/or observe other vehicles in violation of MCL 257.648.

    B. Failing to keep a proper lookout for traffic conditions then and there existing, or in keeping said lookout, in failing to heed such conditions so as to avoid colliding with the Plaintiff's vehicle.

    C. Driving upon the highway at a speed greater than would permit an individual to bring a vehicle to a stop within the assured clear distance ahead, in violation of MCL 257.628.

    D. Driving upon the roadway carelessly, recklessly and heedlessly in willful disregard for the rights of others and without due caution and circumspection at a speed and in a manner so as to endanger or likely to endanger another person, in violation of MCL 257.627.

    E. Failing to equip said motor vehicle with brakes adequate to control the movement of and to stop and hold said vehicle in violation of MCL 257.705.

    F. Following another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic, and the condition of the highway in violation of MCL 257.643.

    G. Driving or knowingly permitted to be driven, on a highway, a motor vehicle in such an unsafe condition so as to endanger others, in violation of MCL 257.627

    H.    Operating a motor vehicle in excess of speed limits in violation of MCL 257.627.

    I.    Failing to operate a motor vehicle with due caution for conditions then and there existing.

    J.    Failure to maintain control of her motor vehicle.

    K.    Any and all other acts and/or omissions which constitute negligence and/or gross negligence which may be learned during the course of litigation.

30. The acts and omissions of Defendant, TRANSIT WINDSOR TUNNEL BUS, by and through their agent and/or employee, Defendant, JAMES WILSON, proximately caused injuries to Plaintiff, DONNA VINSON, as a direct and proximate result of the January 9, 2017 collision, Plaintiff, DONNA VINSON, has sustained injuries amounting to a serious impairment of a body function or permanent disfigurement and these injuries include but are not limited to:

    a.    Left knee complex tear of medial meniscus with a horizontal component involving the body and posterior horn and radical component in the posterior horn;

    b.    Potential left knee replacement surgery;

    c.    L4-L5 disc bulge;

    d.    L5-S1 disc protrusion;

    e.    Any other damages that become known through the course of discovery.

31. In addition thereto, Plaintiff, DONNA VINSON, suffered shock and emotional damage, humiliation, embarrassment, possible aggravation of pre-existing conditions and Plaintiff was unable to attend to her usual affairs, render services as formally done and destroyed Plaintiff's enjoyment of normal pursuit of life as before. Said injuries are permanent to the degree Plaintiff will never enjoy the same state of well being as before the collision and will continue to suffer said pain as well as serious impairment of body function and/or permanent disfigurement as heretofore alleged, inability to earn money as before and will suffer lost wages in the future.

WHEREFORE, the Plaintiff, DONNA VINSON, prays for a Judgment against the Defendants, AUDREY SELBURN, JAMES WILSON, and TRANSIT WINDSOR TUNNEL BUS, individually and jointly and severally, in a sum in excess of Twenty-Five Thousand ($25,000.00) dollars, to fairly and adequately compensate said Plaintiff for the injuries sustained, plus Court costs, interest and attorney fees.

## COUNT V - DAMAGES

32. Plaintiff restates and realleges paragraph 1 through 31 as if fully set forth herein.

33. As a direct and proximate result of Defendants' acts and omissions as alleged herein, Plaintiff, DONNA VINSON, sustained severe, permanent and progressive injuries which amount to serious impairments of a body function and/or permanent serious disfigurement.

34. As a direct and proximate result of Defendants' negligence, Plaintiff, DONNA VINSON, has suffered injuries which include, but are not limited to, the following:

a. Left knee complex tear of medial meniscus with a horizontal component involving the body and posterior horn and radical component in the posterior horn;

b. Potential left knee replacement surgery;

c. L4-L5 disc bulge;

d. L5-S1 disc protrusion;

e. Any other damages that become known through the course of discovery.

35. As a direct and proximate result of Defendants' acts, it is herein alleged that Plaintiff suffered pain and suffering, including but not limited to: embarrassment, humiliation and severe emotional distress.

36. Further as a direct and proximate result of Defendants' acts, it is herein alleged that Plaintiff is unable to engage in her normal social and recreational activities.

37. If it is established that Plaintiff was suffering from any other medical conditions prior to this incident, then, in that event, Plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the acts of the Defendants' negligence as alleged herein.

38. Plaintiff, DONNA VINSON, was disabled from her employment for a period of time following the date of the collision and may have an excess economic claim beyond the three-year wage loss period and/or monthly maximum contained in the No-Fault law.

WHEREFORE, Plaintiff, DONNA VINSON, prays for a judgment against Defendants, AUDREY SELBURN, JAMES WILSON, and TRANSIT WINDSOR TUNNEL

BUS for a sum in excess of Twenty-Five Thousand ($25,000.00) Dollars, together with costs, interest and attorney fees.

Respectfully submitted,
FRIED SAPERSTEIN ABBATT P.C.

By: /s/ Drew Saperstein
Drew F. Saperstein (P55581)
Melvyn D. Saperstein (P19895)
Attorneys for Plaintiff
29800 Telegraph Road
Southfield, Michigan 48034
(248) 353-6500

Date: March 28, 2019