UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DONNA VINSON, )<br>  )<br>        Plaintiff, )<br>  )<br>    v. )<br>  )<br>AUDREY SELBURN, JAMES WILSON, )<br>and TRANSIT WINDSOR TUNNEL BUS, )<br>  )<br>        Defendants. ) | NO.<br><br>Wayne County Court No.<br>19-004566-NI |

| | |
|---|---|
| FRIED SAPERSTEIN ABBATT, P.C.<br>Melvyn D. Saperstein, P19895<br>Drew F. Saperstein, P55581<br>Attorneys for Plaintiff<br>31700 Telegraph Road, Suite 120<br>Bingham Farms, Michigan 48025<br>(248) 353-6500 | SANCHEZ DANIELS & HOFFMAN LLP<br>Andrew P. Rice, P79302<br>Attorneys for Defendants, James Wilson<br>and Transit Windsor Tunnel Bus<br>333 West Wacker Drive, Suite 500<br>Chicago, Illinois 60606<br>(312) 641-1555 |

## NOTICE OF REMOVAL

NOW COME Defendants, JAMES WILSON and TRANSIT WINDSOR TUNNEL BUS, by and through their attorneys, SANCHEZ DANIELS & HOFFMAN LLP, and hereby remove the action filed in the Circuit Court of Wayne County, Michigan pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1446, and 28 U.S.C. § 1332 to the United States District Court, Eastern District of Michigan, and in support thereof states as follows:

1.  Removal is proper in this case based on diversity jurisdiction when (1) Defendant timely filed its Notice of Removal within thirty days of service of the Complaint; (2) there is diversity of citizenship; and (3) the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1332, 1441

2.  Removal based on diversity requires that parties be of diverse citizenship and that the amount in controversy exceed $75,000.00. *See* 28 U.S.C. §§ 1332, 1441. See also *Garza v. Bettcher Industries, Inc.,* 752 F.Supp. 753 (E.D. Michigan, December 1990). Typically, the party seeking removal has the burden of establishing federal jurisdiction. *Id.* The Defendant

meets this burden by supporting its allegations of jurisdiction by articulating facts supporting removal. *Id*. Where the state court complaint itself states damages in an amount sufficient to obtain federal diversity of citizenship jurisdiction, by way of removal, and the Defendant does in fact remove the case to federal court, it would make very good sense to require proof to a legal certainty that the Plaintiff cannot recover damages equal to or greater than the jurisdictional amount. After all, it is the Plaintiff who put the jurisdictional amount in controversy in the first instance, by asking for damages in that amount in his state court complaint. See *Garza,* 752 F.Supp. at 756 (E.D. Michigan December 1990). In this matter, Plaintiff's Complaint demands judgment against the Defendant in a sum in excess of $25,000.00. See attached a copy of Plaintiff's Complaint at Law, marked as Exhibit A. See Paragraph 2 of Exhibit A.

3. A Defendant seeking to remove a case in diversity jurisdiction must file a notice of removal within thirty days after service of the complaint or receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); *Green v. Clark Refining & Marketing Inc.,* 972 F.Supp. 423 (E.D. Michigan 1997). A Defendant wishing to remove a case bears the burden of satisfying the amount in controversy requirement. *Gafford v. General Electric Company,* 997 F.2d 150, 155 (USCA 6th Circuit 1993); *Everett v. Verizon Wireless, Inc.,* 460 F.3d 818 (2006). Normally, "the sum claimed by the plaintiff controls," *Id.* at 156, but where Plaintiff seeks "to recover some unspecified amount that is not self-evidently greater or less than the federal amount in controversy requirement," then there are a number of different burdens of proof that the courts have implemented. The court in *Gafford* concluded that the best alternative of these different burdens is that the Defendant satisfies its burden when it proves the amount in controversy "more likely than not" or by a "preponderance of the evidence" that the Plaintiff's claim meets or exceeds the $75,000.00 amount in controversy requirement. *Gafford,* 997 F.2d at 158; *Everett*, 460 F.3d at 822.

4. The court in *Garza* held that this "preponderance of the evidence" does not require that the Defendant prove the amount in controversy "to a legal certainty". Nor need the Defendant prove conclusively that to award the Plaintiff less than the jurisdictional amount would be "outside the range of permissible awards". Rather, the Defendant must allege facts sufficient to establish that the Plaintiff would more likely than not recover more than the jurisdictional amount. *Garza,* 752 F.Supp. 753, at 763 (1990). The court further held that although the burden of proof of establishing jurisdiction in removed cases rests with the defendant, the Supreme Court in *McNutt v. General Motors Acceptance Corp.,* 56 S.Ct. 780, made clear that the Court must make an independent inquiry in to the factual basis for its own jurisdiction, and this duty is codified in 28 U.S.C. § 1447(c). *Garza,* 752 F.Supp. 753, at 763 (1990)

5. On March 29, 2019, the Plaintiff, DONNA VINSON, filed a Complaint in the Circuit Court of Wayne County, Michigan, Case No. 2019-004566-NI, against AUDREY SELBURN, JAMES WILSON and TRANSIT WINDSOR TUNNEL BUS, based upon a negligence theory. See Exhibit A.

6. Defendant, TRANSIT WINDSOR, was served with the Summons and Complaint on April 9, 2019. A copy of the received Summons is attached hereto as Exhibit B.

7. The Defendants, CAREY WILSON and TRANSIT WINDSOR filed their Appearance on April 29, 2019. A copy of the Appearance is attached as Exhibit C.

8. Defendant, AUDREY SELBURN, was a resident of the City of St. Clair Shores in the County of McCombs, State of Michigan, United States of America. See paragraph 2 of Exhibit A.

9. Defendant, CAREY WILSON, is a citizen of Canada, and lives in LaSalle, Ontario, Canada. See Paragraph 3, page 1 of Exhibit A.

10. The Defendant, Transit Windsor, is a Canadian Corporation located in Windsor, Ontario. See paragraph 3 of Exhibit A.

11. Accordingly, there exists a diversity of citizenship between the Defendants now, and at the time of the incident complained of in the Plaintiff's Complaint.

12. Defendant, AUDREY SELBURN and the Defendants, CAREY WILSON and TRANSIT WINDSOR, are citizens of separate countries and thus, there is a diversity of citizenship in this matter and removal is proper.

13. Plaintiff's Complaint further demands judgment against the Defendant in a sum in excess of $25,000.00. See Exhibit A, paragraph 12, page 3.

14. Plaintiff's injuries, as described in Plaintiff's Complaint at Law, appear to be extensive. Plaintiff has alleged an injury to her left knee, neck and back. Plaintiff claims the injuries amount to a serious impairment of bodily functions and permanent disfigurement. See Paragraph 30 of Exhibit A.

15. Thus, in this matter, it is certainly more likely than not, that Plaintiff's claims will exceed the $75,000.00 amount in controversy requirement. Plaintiff's injuries appear extensive include numerous claims for recovery as stated in Paragraph 30 of Exhibit A. Defendant has shown by a preponderance of evidence that the Plaintiff's alleged claims should exceed the $75,000.00 in controversy requirement required for removal.

16. However, in further support of Defendant's position that Plaintiff's alleged claims exceed the $75,000.00 in controversy requirement, and to provide even more factual support in supporting its allegations of jurisdiction by and by articulating facts supporting removal, attached are jury verdict reports from Wayne County, Michigan involving cases with similar injuries as the Plaintiff. These jury verdict reports involve similar injuries and each have verdicts that exceed $75,000.00. These jury verdict reports are attached as Exhibit D.

17. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §1332(a) as the Plaintiff and the Defendant are citizens of different countries, and the amount in controversy is in excess of $75,000.00. As such, the underlying State court action is one which may be removed to this Court by the Defendant pursuant to provisions of 28 U.S.C. §1441.

18. This Notice of Removal is timely in that it is filed within thirty (30) days from April 9, 2019, the date TRANSIT WINDSOR was served. 28 U.S.C. § 1446(b).

19. A copy of this Notice for Removal will be promptly served upon the Plaintiff and and co-defendant and filed with the Clerk of the Circuit Court of Wayne County, Michigan in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, the Defendants, JAMES WILSON and TRANSIT WINDSOR TUNNEL BUS, pray that this cause proceed in this Court as an action properly removed from the Circuit Court of Wayne County, Michigan, to the United States District Court for the Eastern District of Michigan.

                                               Respectfully submitted,

                                               /s/Andrew P. Rice
                                               Andrew P. Rice, Bar #: P79302

Andrew P. Rice, P79302
**SANCHEZ DANIELS & HOFFMAN LLP**
Attorney for Defendants, James Wilson and
 Transit Windsor Tunnel Bus
333 West Wacker Drive, Suite 500
Chicago, Illinois 60606
(312) 641-1555
F:\DATA\HISTORY\AQS\076102 - Vinson\pleadings\notice of removal apr 17, 19.docx

## **CERTIFICATE OF SERVICE**

  I hereby certify that I electronically filed the Notice of Removal via the ECF Filing System and that a true and correct copy will be served electronically to all attorney(s) of record from 333 West Wacker Drive, Suite 500, Chicago, Illinois 60606 at or before 5:00 p.m. on May 8, 2019 and that this statement as set forth is true and correct.

                /s/Andrew P. Rice
                Andrew P. Rice, Bar #: P79302